# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ROGER O. SMITH,**

                **Plaintiff,**

        **v.**                                    CASE NO. 19-3146-SAC

**AIR-MARK, et al.,**

                **Defendants.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner in state custody, proceeds pro se, and the Court grants leave to proceed in forma pauperis.

## Nature of the Complaint

Plaintiff sues two supervisors employed by Aramark[1]. He states that upon intake at the El Dorado Correctional Facility in July 2019 he was prescribed an increased protein renal diet. He claims that since that time he has not been provided with the appropriate diet and instead was placed on a renal no poultry diet.

He asks the Court to terminate the employment of the two supervisors and seeks monetary damages.

## Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon

---

[1] Although the complaint identifies the contracting agency as "Air-Mark", the Court takes notice that Aramark is the food service contractor with the Kansas Department of Corrections.

which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's

decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

**Discussion**

The Court construes the complaint to allege the denial of a diet appropriate for plaintiff's medical needs. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." This provision is interpreted to require "humane conditions of confinement" and that "inmates receive adequate food, clothing, shelter, and medical care, and … [that] reasonable measures [be taken] to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)(quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). This standard has both objective and subjective

components. *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)(citing *Estelle*, *id.*).

Under the objective portion of the analysis, a medical need is serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)(internal quotation marks and citations omitted).

Under the subjective portion of the analysis, the defendant prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Within this framework, "an inadvertent failure to provide adequate medical care" does not violate a prisoner's constitutional rights. *See Estelle*, 429 U.S. at 105-06 ("A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."). Likewise, a difference in opinion between a prisoner and medical personnel is insufficient to state a claim for relief. *Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976); *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002). Finally, a delay in providing medical care violates the Constitution only where that delay resulted in substantial harm. *Oxendine*, 241 F.3d at 1276 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000)).

The Court has examined the complaint and finds that plaintiff has not clearly alleged an injury. Although he states that the diet he has received is not compatible with the prescribed diet, he does not explain what, if any, physical harm he has suffered. Under the

Prison Litigation Reform Act, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury…." 42 U.S.C. § 1997e(e).

Also, to the extent plaintiff seeks to have defendants Garcia and Stevens terminated from their employment, the Court has no authority to grant that relief. *See Nicholas v. Hunter,* 228 F. App'x 139, 141 (3rd Cir. 2007)("The remaining relief requested is not available as the District Court lacks authority to order a federal investigation and prosecution of the defendants or the termination of their employment."); *Goulette v. Warren*, 2006 WL 1582386, at n. 1 (W.D.N.C. Jun. 1, 2006)(The Court notes that even if Plaintiff's claims prevailed in tis case, this Court would not, based upon this law suit, have the authority to order the termination of the Defendant's employment or to grant Plaintiff an immediate, early release from jail."); *Dockery v. Ferry*, 2008 WL 1995061, at *2 (W.D. Pa. May 7, 2008)(finding that the court cannot issue an order which would direct a local government to terminate a police officer's employment)(citing *In re Jones*, 28 F.App'x 133, 134 (3rd Cir. 2002)("Jones is not entitled to relief … [S]he asks this Court to prohibit the State of Delaware from filing charges against her. The federal courts, however, have no general power in mandamus action to compel action, or in this case inaction, by state officials.")); *Martin v. LeBlanc*, 2014 WL 6674289, at n. 1 (W.D. La. Nov. 24, 2014)(finding that where plaintiff requested an investigation, the termination of the defendants' employment and the closure of the prison, "[s]uch relief is not available in this action"); *Merrida v. California Dep't of Corr.*, 2006 WL2926740, at n. 1 (E.D. Cal. Oct.

11, 2006)(finding that where plaintiff prays for the termination f defendant's employment, "the court cannot award this form of relief to plaintiff")(citing 18 U.S.C. § 3626(a)(1)(A)).

**Conclusion**

Plaintiff is directed to show cause why this matter should not be dismissed for the reasons stated. He may file an amended complaint to cure the deficiency within the time allowed.

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Plaintiff is advised that he remains obligated to the pay the $350.00 filing fee in installments calculated under 28 U.S.C. § 1915(b)(2). A copy of this order shall be transmitted to the finance office of the facility where he is incarcerated with directions that collection action begin as funds become available.

IT IS FURTHER ORDERED that on or before **October 9, 2019,** plaintiff shall show cause why this matter should not be dismissed for the reasons discussed herein. Plaintiff may file an amended complaint within the time allowed to show cause.

**IT IS SO ORDERED.**

DATED:  This 6th day of September, 2019, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge